Wright, J.,
delivered the opinion of the Court.
*9 This is an action of ejectment, in which the plaintiffs helow insist they have shown a title in themselves to the land in dispute in two modes: First, by a regular chain of conveyances from the State; and next, by placing the defendants in such an attitude, in relation to this land, toward themselves, as that they are estopped to deny their title.
The facts upon the question of estoppel are these: Adam Dunwoody, at a very early day, resided upon the land for several years, and died, leaving four children, to wit; William, James, Margaret and Esther. Previous to his death he made a will, dated the 11th of June, 1794, in which he devised this land to his son William. William died intestate-, unmarried and without issue, and the land descended to his sisters Margaret and Esther, and to his brother James, as his heirs at law. Esther married John Bonham ; and Margaret, on the 19th of December, 1810, married Hugh Wear. On the 12th of October, 1816, the said Bonham, Hugh Wear and James Dunwoody, for the consideration of ¡$1140.00, conveyed this land, by deed in fee simple, with covenants of general warranty, to Joshua Royston, who, about that time, entered into possession of the land, claiming it as his own, and continued so to hold and claim it till his death; and the defendants below, the tenants in possession, who are his heirs at law, have so held and claimed ever since. This deed was duly proved at the July sessions, 1817, of the County Court of Greene county, and registered in that county on the 18th of October of the same year. In it the said Bonham, Hugh Wear and James Dunwoody, are described as the heirs of William Dunwoody, deceased, and legatees of Adam Dun-woody, deceased. Margaret, the wife of Hugh Wear, and Esther, the wife of Bonham, did not unite in said deed, and were not parties to it. The said Margaret died the 29th of March, 1825, and the said Hugh Wear, in September, 1856-. The plaintiffs are the children of Hugh and Margaret Wear, and commenced this action of ejectment on the 3d of March, 1858, for the recovery of the one undivided third part of the *10 said tract of land, as the heirs at law of their mother, the said Margaret.
So far as it may be material to this controversy, we are warranted in assuming, not only from the facts, but because the jury have so found, under proper instructions from the Court, that Hugh and Margaret Wear had issue of their marriage prior to the execution of the deed to Joshua Royston.
It is true, there may be no very direct evidence that Joshua Royston held under this deed; but still the proof that he did so is very strong, and we are satisfied he did. It is not attempted to show, or pretended that he held under any other title. In addition to the fact that he took possession of this land about the date of the deed, he is proved to have stated that he had bought and lived on the land that Adam Dun-woody died on. The jury, under proper instructions from the Court, have also found this matter in favor of the plaintiffs, and, we think, were well warranted in so doing. Indeed any other conclusion would be unreasonable.
Upon these facts, we think the defendants below were estopped to deny the seizin of William Dunwoody, he being the common source of title to all the parties; and that the Circuit Judge was correct in so holding. How would the case be between John Bonham, Hugh Wear and James Dunwoody upon the one side, and Esther and Margaret, the wives of the said John and Hugh, upon the other ? Could the former controvert the title of the latter ? Certainly not. The said Margaret, Esther and James had entered into this estate claiming under William Dunwoody, as his heirs, and were tenants in common; and the said John and Hugh held interests as husbands in right of their wives. Joshua Royston and his heirs are in no better situation than John Bonham, Hugh Wear and James Dunwoody. The said Joshua is a purchaser of the title and privy in estate only, and he and his heirs are estopped also, by reason of the estoppel of the said John, Hugh and James, under whom they claim; and the plaintiffs, as the heirs of said Margaret, are entitled to the benefit of this estoppel. Perry v. Calhoun, 8 Hum., 551; Rochhell v. *11 Benson, Hunt & Co.’s Lessee, Meigs’ Rep., 3, 7; 2 Greenl. Ev., sec. 308; Smith v. Burtis & Woodward, 9 Johns., 175; Jackson, ex dem. Hill v. Struler, 5 Cowan, 530.
This being so, it is unnecessary to inquire whether the plaintiffs have made out, also, a regular paper title, or to go into the consideration of the various objections made to the reading of the grants and deeds in deraigning title to Adam Dunwoody, being satisfied, as we are, that the copy of the deed from John Bonham, Hugh Wear and James Dunwoody, to Joshua Royston, was properly admitted ; and being further satisfied, that the case was submitted to the jury by the Circuit Judge, upon the force of said deed and of the estoppel, and was so considered by them; and that the reading of the grants and other deeds could not, possibly, have prejudiced the defendants.
We may remark, however, that in our examination of the case, we see very little reason to call in question the admissibility of any of said papers, unless it be the copy of a single deed.
It is equally plain, that the plaintiffs were not precluded from a recovery, either by the statute of limitations or lapse of time; and that the Circuit Judge did not err in his instructions to the jury upon this subject. As decisive of this question, we need only refer to the cases of McCorry v. King’s heirs, 3 Hum., 267; and Miller v. Miller, Meigs’ Rep., 484; see also, Guion v. Anderson, 8 Hum., 298; and 11 Howard U. S. Rep., 350.
The declaration was demurred to, and the demurrer overruled by the Circuit Court. It is insisted, that in this there was error, for which the judgment should be reversed.
The ground of the demurrer was, that the plaintiffs claimed an undivided share or interest in this land; but, in the declaration, failed to state the extent of that interest, whether a third or fourth, or any other particular share. It is true, the act of 1852, ch. 152, sec. 4, requires this to be done. But, by the same act, the jury in their verdict, are required to specify such share or interest, and to describe the same *12 with, convenient certainty. This is done in the verdict in this case, and the objection has now become one of mere form1. By the fourth and fifth sections of the same act, all writs of error for matters of form are abolished; and any defects or imperfections in matters of form found in the record after judgment rendered, may be rectified and amended by the Court in which the judgment is rendered, or the Court to which it shall be removed by writ of error or appeal, if substantial justice require it, and if the amendment be in affirmance of the judgment.
This cures the difficulty, and the objection falls to the ground.
Upon the whole we see no error in this record, and affirm the judgment.